**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VALLEY CHILDREN'S HOSPITAL, a California nonprofit public benefit corporation,<br><br>      Plaintiff,<br><br>v.<br><br>GRIMMWAY ENTERPRISES, INC., a Delaware corporation; and GRIMMWAY ENTERPRISES, INC. ADMINISTRATIVE GROUP WELFARE PLAN, an employee welfare benefit plan.<br><br>      Defendants. | Case No. 1:24-cv-00643 JLT CDB<br><br>ORDER DISMISSING ACTION WITH PREJUDICE AND DIRECTING CLERK OF COURT TO CLOSE THE CASE |

On March 26, 2026, the Court dismissed certain claims in this case without leave to amend but permitted amendment as to other theories. (Doc. 37.) The Court ordered that any amendment be filed within 30 days. (*Id*. at 11.) Despite the passage of more than 30 days, Plaintiff has failed to file an amended complaint.

In finding dismissal is appropriate for the failure to prosecute, the Court has considered the factors outlined by the Ninth Circuit for terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

1

merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). In addition, the Court's warning to Plaintiff that the matter could be dismissed (*see* Doc. 37 at 11) satisfies the requirement of considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Consequently, the *Henderson* factors weigh in favor of dismissal. *See Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors"). Thus, the Court **ORDERS**:

    1.    This case is **DISMISSED WITH PREJUDICE**.

    2.    The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 29, 2026**

UNITED STATES DISTRICT JUDGE

2